UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN JACKSON,<br><br>           Plaintiff,<br><br>   v.<br><br>JOEL BRAVO, et al.,<br><br>           Defendants. | Case No.   1:25-cv-00315-KES-EPG<br><br>ORDER FOR ATTORNEY ALLIN TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER TO ATTEND THE MANDATORY SCHEDULING CONFERENCE<br><br>(ECF Nos. 3, 19) |

      The Court issued an order setting a mandatory scheduling conference for December 1, 2025, at 10:30 a.m. (ECF No. 3, *see* ECF No. 19). The order warned as follows: "Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference . . . an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered." (ECF No. 3, p. 6).

      On November 24, 2025, the parties filed a joint scheduling report that acknowledged the date and time of the conference. (ECF No. 31). The Court held the conference as scheduled and counsel for Plaintiff appeared; however, Attorney Jon Allin for Defendants failed to appear. The Court's courtroom deputy tried to reach counsel but was unsuccessful. Accordingly, the Court issued the case schedule in counsel's absence, noting that it would issue an order to show cause due to counsel's failure to appear.

      Accordingly, IT IS ORDERED as follows:

1. Attorney Jon Allin, counsel for Defendants, shall show cause why sanctions should not

issue for counsel's failure to attend the conference as required by the Court's order.

2. Attorney Allin has fourteen days from the entry of this order to file a written response explaining why counsel did not attend the conference.

3. After reviewing counsel's response, the Court will further consider whether sanctions are appropriate.

IT IS SO ORDERED.

Dated:   **December 1, 2025**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

2