UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALVIN JACKSON,

Plaintiff,

v.

JOEL BRAVO, et al.,

Defendants.

Case No. 1:25-cv-00315-KES-EPG (PC)

ORDER TRANSFERRING ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA

(ECF Nos. 45, 46, 48, 49).

When this case was removed on March 14, 2025, venue was alleged as being proper in this District. (ECF No. 1, p. 2 – "Venue is proper in the United States District Court for the Eastern District of California, Fresno Division, because Plaintiff filed the complaint in the Superior Court of the State of California, County of Kern.").

On February 26, 2026, Plaintiff Alvin Jackson filed a second amended complaint, stating as follows: "Venue is proper in the Central District of California because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Los Angeles County." (ECF No. 45, p. 2). Defendants filed an answer on March 18, 2026, agreeing that venue is proper in the Central District of California: "Defendants admit that jurisdiction and venue are proper in the United States District Court for the Central District of California." (ECF No. 46, p. 1).

Noting these statements, the Court issued an order on March 19, 2026, directing the parties to show cause why this action should not be transferred to the Central District of

1

California under 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." (ECF No. 48).

On March 26, 2026, the parties filed a stipulation, stating as follows:

Transferring the case to the Central District of California is proper and in the interest of justice because the case could have been originally brought in the Central District; Plaintiff's Second Amended Complaint (ECF No. 45) now alleges only events that occurred in the Central District; requiring dismissal and refiling could result in one or more claims being barred by the statute of limitations; and transfer would not impose an injustice on the parties. *See* 28 U.S.C. §§ 1390(c), 1390(b)(2), 1406(a).

Because the parties agree that venue for the present matter is proper in the Central District of California and because counsel for the parties believe that there is no good cause for the case to remain in the Eastern District of California, counsel for the parties hereby request that the present matter be transferred to the Central District of California.

(ECF No. 49, p. 2).

Upon consideration of the allegations in the operative complaint, and the parties' stipulation, IT IS ORDERED that this action is transferred to the United States District Court for the Central District of California.

Following the transfer, the Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:   **March 27, 2026**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

2